**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FREDDIE JOE HANKINS,

Defendant - Appellant.

No. 12-30352

D.C. No. 3:11-cr-00113-HRH-1

MEMORANDUM*

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Argued and Submitted August 15, 2013
Anchorage, Alaska

Before: KOZINSKI, Chief Judge, and BERZON and IKUTA, Circuit Judges.

A jury convicted Freddie Hankins of making a false statement within the

jurisdiction of the United States in violation of 18 U.S.C. § 1001(a)(2) and of

submitting a false record of fish intended for transportation in interstate commerce

in violation of 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii).  He appeals the district

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court's admission of testimony rebutting his expert witness and its denial of his motion for a new trial. He also asserts the constitutional inadequacy of his trial counsel. We affirm.

1. The admission of the prosecution expert's rebuttal testimony concerning matters undisclosed before trial was not in violation of Federal Rule of Criminal Procedure 16(a)(1)(G). Rebuttal testimony is not subject to pretrial disclosure. The government need not disclose even the names of rebuttal witnesses. *See, e.g.*, *United States v. Gering*, 716 F.2d 615, 621 (9th Cir. 1983). *A fortiori*, it need not disclose the contents of their testimony.

Further, the defense expert's testimony opened up areas of inquiry properly subject to rebuttal testimony. *See United States v. Beck*, 418 F.3d 1008, 1016 (9th Cir. 2005) (condoning the admission of testimony to rebut a defense witness' criticism of the "methodology and use" of a photospread). The district court did not abuse its discretion in allowing the testimony.

Whether the prosecution expert should have been allowed to testify in the case-in-chief in light of the asserted discovery violation is a separate issue, not pertinent to the propriety of rebuttal evidence once the defense expert was allowed to testify.

2. Hankins further objects that the denial of his Rule 33 motion for a new trial also constituted an abuse of the district court's discretion. Before the district court, Hankins grounded his motion in the government's putative discovery violation, relying on Rule 16(a)(1)(G). Before us, however, he does not raise the discovery contention. Instead, he argues that the full prejudicial impact of allowing rebuttal testimony became clear only after the jury returned its verdict, thereby amplifying the district court's error in admitting that testimony. We will not consider this argument, because it was never raised before the district court. *See, e.g.*, *Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2003) ("Ordinarily, we decline to consider arguments raised for the first time on appeal."). In any case, rebuttal testimony remains exempt from Rule 16, whether Hankins objects at trial or via Rule 33.

Last, Hankins did not re-assert the purported discovery violation in his briefs on appeal, but did do so at oral argument. "We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 994–95 (2009) (internal quotation marks omitted). We decline to do so here, and so do not address the discovery issue.

3.  We also decline to review Hankins' claim of ineffective trial counsel on this record.  This Court ordinarily refrains from evaluating such claims on direct appeal because the record rarely reveals *why* counsel acted as they did.  *See, e.g., United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005), *overruled on other grounds by United States v. Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).  So, too, here:  The present record contains no evidence as to why Hankins' attorney did not object to the admission of testimony purportedly undisclosed in Dr. Hays' pretrial report.  We therefore cannot evaluate his effectiveness on the present record.

For the reasons above, Hankins' conviction is AFFIRMED, without prejudice to raising an ineffective assistance of counsel claim on collateral review under 28 U.S.C. § 2255.